**Paul GAYTON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1956.

John C. Watts, Bernard T. Moynahan, Nicholasville, for appellant.

Jo M. Ferguson, Atty. Gen.; Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Paul Gayton, James Russell Johnson and Charles Overstreet were jointly indicted in the Jessamine Circuit Court for the crime of grand larceny, consisting of stealing a quantity of pork sausage and pork loins. See KRS 433.220. At a separate trial Gayton was found guilty and his punishment fixed at confinement in the penitentiary for one year.

He prosecutes this appeal, alleging (a) the evidence was insufficient to submit the case to the jury or to sustain the verdict; (b) the confession was inadmissible because it was obtained by "sweating"; and (c) the lower court erred in trying him separately. Touching the first ground urged for reversal, Gayton advances a twofold contention, namely, the ownership of the meat taken was not established, and the market value of the meat at the time it was stolen was not proven. We shall consider these two assertions and also ground (b) together.

Oscar Comley, the owner of the grocery store in Nicholasville from which the merchandise was stolen, and Eldon True, his clerk, testified that when they closed the place of business between 6:00 and 6:30 p. m. on February 7, 1955, there were 50 bags of sausage and several pork loins in the icebox. Upon opening next morning, they discovered 40 sacks of sausage and 4 pork loins were missing. The police were promptly notified in Nicholasville and, following a tip, the search for the thieves spread to Lexington. In the latter city, information was obtained that Gayton, a restaurant employee there, had attempted to sell some sausage and pork loins at two different eating places. This brought him under suspicion and he was contacted by the Lexington police and questioned briefly in the vicinity of his home at around 9:00 a. m., the day after the theft. Later, when accosted again by the same policemen along with an officer from Nicholasville who had arrived in the meantime, Gayton gave a statement which conflicted with his first one and this caused him to be placed under arrest and carried to the Lexington police station for further interrogation. There he admitted driving his car down an alley to the back of Comley's store, where he acted as a lookout while James Russell Johnson and Charles Overstreet went inside the building, brought out the sausage and loins, and loaded his car with the loot. Comley stated he got back 15 sacks of the sausage from the police which he identified by the strings on the bags. According to Comley, each sack of sausage weighed 4 lbs. and cost 24¢ per lb. wholesale. The value of the 4 pork loins stolen, he estimated, was approximately $14.

Complaint is made in the brief of Gayton's counsel that the accused was coerced into confessing he committed the crime. The two Lexington officers who testified about the confession said that on the occasion Gayton was first interrogated as to his efforts to dispose of meat allegedly stolen he admitted he had undertaken this chore to "help out" his two collaborators but he denied he knew the meat was stolen. Afterwards, he was again questioned and he then admitted full participation in the larcenous act. Robert Bruner, a member of the police department at Nicholasville, testified he was also present at the police station in Lexington when Gayton fully revealed his connection with and his part in the theft.

At the trial when Gayton's attorney asserted the admission of guilt in respect to the crime had been extracted by duress, the jury was excused from the courtroom and all testimony pertaining to the confession was heard by the trial judge in conformity with KRS 422.110(2). The evidence introduced at this hearing disclosed Gayton was

questioned twice, the first time for 20 minutes and on the second occasion for 15 minutes, and before he made any statement he was advised of his constitutional rights. The officers declared no threats were used nor promises extended, and no pressure nor mistreatment was applied. Gayton's statements were made voluntarily, they emphasized. The trial judge held that under the evidence the confession was not obtained in violation of the Anti-Sweating Act, KRS 422.110.

Gayton denied telling the officers he was implicated in the felonious act; in short, he repudiated making the confession. A careful scrutiny of his testimony fails to reveal any claim by him that he was "sweated" to extort any admission in connection with the crime by any officer in Lexington or elsewhere. In an effort to establish an alibi, and such was his main defense, he introduced a number of witnesses in his behalf who testified to having seen him at various places in Nicholasville on the night of the theft.

We have no difficulty in concluding that this was a jury case and that the evidence amply sustains the verdict. It is obvious the ownership of the meat was proven. Nor was proof lacking as to the value of the stolen meat. It was a simple matter of mathematical calculation for the jury to determine that the 40 sacks of sausage, weighing 4 lbs. each, totaled 160 lbs., and that this latter sum multiplied by 24¢, the price of the sausage per lb., enabled them to arrive at the sum of $38.40, the value of the sausage which Comley testified was stolen. To be added to this is $14, the estimated cost of the pork loins taken. Since these two amounts are more than $20, the sum is clearly sufficient to constitute the crime of grand larceny. We have nothing more than the bare assertion of his counsel that he was forced to confess, and we may unquestionably hold the trial judge properly permitted Gayton's statement as to his guilt to be placed before the jury.

The assertion by Gayton that he was prejudiced by his being tried separately is a novel one. At common law, the right to a separate trial existed only for the Commonwealth; however, Section 237 of the Criminal Code of Practice was later enacted which conferred this right upon the defendant, if he so requested. See Roberson's Criminal Law, Sec. 1893, p. 2010. Neither the prosecution nor Gayton moved for a severance, and Gayton claims the Commonwealth must make a motion therefor before a separate trial is proper. There is no authority for this contention, and, moreover, there is no showing in his counsel's brief that he was prejudiced as a result of a separate trial. It is inconceivable how he could have suffered harm in this regard.

Wherefore, the judgment is affirmed.